### CANNON v. FARGO.

(Supreme Court, Appellate Division, Second Department. July 25, 1913.)

MASTER AND SERVANT (§ 192*)—INJURIES TO SERVANT—EMERGENCY EMPLOYÉ —FELLOW SERVANTS—EVIDENCE.

Where a railroad gateman was not employed to assist an expressman in unloading express and baggage, and had not been ordered to do so, but rendered such assistance on the request of the expressman, the fact that he and his predecessor had been in the habit of rendering such as-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

sistance did not prevent him from being but an emergency employé of the express company while so doing; and, the expressman being a fellow servant, the express company was not liable for injuries to the gateman, while so employed, by the expressman's negligence.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 379–381; Dec. Dig. § 192.*]

Appeal from Trial Term, Dutchess County.

Action by John Cannon against James C. Fargo, as president of the American Express Company. From a judgment for plaintiff, and from an order denying defendant's motion for a new trial, he appeals. Reversed, and new trial granted.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and PUTNAM, JJ.

Frank Hasbrouck, of Poughkeepsie, for appellant.
Harry Arnold, of Poughkeepsie, for respondent.

PER CURIAM. This is the third appeal in this case. Its previous history may be read in 138 App. Div. 20, 122 N. Y. Supp. 576, and 147 App. Div. 51, 131 N. Y. Supp. 643, and need not be rewritten.

The learned trial court, in its memorandum upon its decision of defendant's motion for a new trial on the minutes, states that it perceives no substantial difference between the present record and the record upon the last appeal, except that upon the present trial a new witness, Stickle, the former gateman and the immediate predecessor of the plaintiff in that position, testified. After discussion of that testimony, the learned court addressed itself to the question whether the proof of practice as given in this testimony tends to establish, or at least to raise a presumption, that the printed rule of the railroad company, the plaintiff's employer, defining the duties of gatekeeper, so as not to include the duty of rendering such aid as to the baggage and express, had by such very general and long-continued practice been modified, so that the particular duty was at the time of the accident within the scope of plaintiff's employment and a part of his business as an employé of the railroad company.

We adopt practically the verbiage of the learned court in stating the question. The learned court says that we held upon the last appeal that evidence showing such practice for a period of 6 months prior to the accident was not sufficient, and then states that it cannot conclude that proof of such practice for 14 months does not suffice to raise a question for the jury in the first instance. The learned court then proceeds with characteristic care to an extended discussion of the testimony which led to its conclusion that the finding of the jury was not against the evidence. But it seems to us unnecessary to follow the court in its discussion, inasmuch as the court itself says that there is no substantial difference between the present record and that of the last appeal, save the calling of Stickle, unless the discussion convinces us that we were wrong in our former view, and it does not.

Stickle testifies that he preceded the plaintiff as gateman at this crossing "in 1907, December, I think, until 1908, April 1st"; that he

lowered and raised the gates when necessary to do so; that he unloaded express and baggage once or twice a day sometimes—once or twice a day during the time he was there. Patrick Sheridan was the station agent there for the entire time. He did not give the witness any particular instructions in reference to that while he was there, nor when he was hired. Sheridan called Stickle whenever it was necessary to help with express and baggage. The method he used to call was to whistle and holler at Stickle, and sometimes beckon with his hand. Besides Sheridan, the baggageman, the expressman sometimes beckoned to Stickle about that duty, and on each of these occasions Stickle went and assisted. During the time Stickle was there, Sheridan was at the depot about 300 feet from the place where Stickle was working, and he was there in that same capacity while Cannon was working there. Occasionally Sheridan would ask Stickle to come up and help, beckon to him, and occasionally the express messenger would beckon to him. Stickle was also at times called to go when they had a number of packages, and was called when they were not only heavy, but a number of them, so that when they wanted to hurry along he was called in.

This is all of his testimony, and it is expressed in substantially his own language. Even if this additional testimony justified the learned court in its submission of the issues to the jury, which question we need not now decide, it seems quite clear to us that in view of the other testimony in the case, which has been discussed in our former opinions, it would have justified the trial court in setting the verdict aside.

On the first appeal the plaintiff insisted that it was not his duty as an employé of the railroad company to assist in removal of the express matter, and we reversed the judgment because we thought that the plaintiff was an emergency employé of the defendant, and therefore could not recover for the negligence of a fellow servant. Upon the second trial the plaintiff attempted to alter his complaint, his bill of particulars, and his proof, to sustain his contention that it was a part of his duty as the servant of the railroad company to assist in removing the express matter. But we thought that the evidence was not sufficient to take the case outside of the decision rendered upon the first appeal. Suffice it to say that we now think that the testimony of Stickle has not saved the plaintiff from the application of our former decision. Our reasons, if stated, would be but reiteration of the former opinions in this case.

The judgment and order are reversed, and a new trial is granted; costs to abide the event.